[S. F. No. 3190.   In Bank.—December 16, 1902.]

## MARY E. WISHON, Petitioner, v. SUPERIOR COURT OF TULARE COUNTY et al., Respondents.

JUDGMENT—LOCATION OF DITCH—ABSOLUTE VERITY—PUNISHMENT FOR CONTEMPT—LACK OF JURISDICTION—WRIT OF REVIEW.—A judgment determining that the north bank of a certain ditch is on the south line of the north half of a special quarter section, and that the petitioner owns all of the land lying north thereof, imports absolute verity as to the location of the ditch, and as to the rights of the parties relative thereto. The court is without jurisdiction to hold the petitioner guilty of contempt by reason of interference with a ditch situated upon petitioner's land, at a point outside of the lines of the ditch defined in the judgment; and a writ will issue upon petitioner's application to review the proceedings in the matter of such contempt.

ID.—PAROL EVIDENCE.—The court was not at liberty to receive parol evidence for the purpose of showing that the judgment might have located the ditch in a different position, or that the description of said ditch in the said judgment is not absolutely accurate.

APPLICATION for writ of review to test the validity of proceedings for contempt in the Superior Court of Tulare County.   M. L. Short, Judge presiding.

The facts are stated in the opinion of the court.

Maurice E. Power, for Petitioner.

Charles G. Lamberson, for Respondents.

HARRISON, J.—Application for a writ of review. The affidavit of the petitioner sets forth that the superior court of

Tulare County rendered its judgment May 18, 1900, in an action then pending in that court, wherein J. H. Stuffelbeem was plaintiff and Mary Adelsbach et al. (including the petitioner herein) were defendants, by which it adjudged and decreed that the said Stuffelbeem was the owner of the right of way for a ditch across the northeast quarter of section 14 in a certain township in the county of Tulare, "with the north bank thereof on the south line of the north half of the northeast quarter of said section 14," and entitled to clean out and operate the said ditch for the purpose of conveying water through the same to his lands for irrigation and other useful purposes, and enjoining the defendants, and each of them, from in any manner preventing him from cleaning out, or opening up, or operating a ditch upon said right of way; that the petitioner herein was at that time, and is still, the owner of certain land "lying north of the south line of the north half of the northeast quarter of said section 14"; that after the rendition of said judgment, John Bashore became the successor in interest of said Stuffelbeem in and to the said ditch and the right of way therefor described in said judgment; and that on or about March 10, 1902, said Bashore opened up said ditch (for the purpose of conveying water therein to land owned by him) "across the said south line of said north half of said northeast quarter of said section 14 for a distance of eighty-four feet over and across the lands of the petitioner herein"; that all of the said ditch for said distance of eighty-four feet "is entirely north of the south line of the north half of the northeast quarter of said section 14," and upon the lands of the petitioner; that thereafter the petitioner filled up the ditch lying upon her said lands, but has never interfered with said ditch at any point either upon or south of the south line of the north half of the northeast quarter of said section 14. Upon an affidavit setting forth the aforesaid interruption of the ditch by the petitioner, she was cited before the superior court to show cause why she should not be punished for contempt in violating its aforesaid judgment; and upon the hearing on said charge the court admitted certain parol evidence, over the objection of the petitioner, for the purpose, as recited in its order, "of showing that the description of said ditch in the said judgment is not absolutely accurate," from which it found as a

fact that the said ditch in controversy in said action was located, and for many years prior thereto had been located, "substantially along the line upon which it was opened up by said Bashore on or about the said tenth day of March, 1902." Upon this showing the court held that the petitioner had violated the terms and provisions of said judgment, and was by reason thereof guilty of a contempt, and imposed upon her a fine. Thereupon the petitioner made the present application for a writ of review, for the purpose of having the said order of the court annulled upon the ground that its action in the premises was without its jurisdiction.

Upon the facts set forth in the application of the petitioner, the court had no jurisdiction to adjudge her guilty of contempt for the act of filling up the ditch upon her lands or to punish her therefor. By the judgment in the original action the north bank of the ditch was determined to be "on the south line of the north half of the northeast quarter of section 14," and in the same judgment the petitioner was declared to be the owner of the lands lying north of said line. The absolute verity which the judgment imports includes the location of the ditch itself, as well as a determination of the rights of the parties in reference thereto. The court was without jurisdiction to hold the petitioner guilty of contempt, by reason of her interference with the ditch upon her own lands at a point outside of its lines, as defined in the judgment. She was entitled to stand upon the exact terms of the judgment, and the court was not at liberty to receive parol evidence for the purpose of showing that the judgment might have located the ditch in a different position, or, as is recited in its order, "for the purpose of showing that the description of said ditch in the said judgment is not absolutely accurate."

It is therefore ordered that a writ of review issue out of this court to the respondents, commanding them to certify fully to this court, within twenty days from the service thereof upon them, a transcript of the record and proceedings in the matter of the order adjudging the petitioner guilty of contempt, and that in the mean time they desist from further proceedings therein.

Garoutte, J., Van Dyke, J., McFarland, J., and Temple, J., concurred.